PRISCILLA FORD, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 19744

December 28, 1989 784 P.2d 951

*Norman Y. Herring,* Riverside, California, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,*
District Attorney, and *Gregory R. Shannon,* Deputy District
Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, Priscilla Ford (Ford) was convicted of six counts of

first degree murder, twenty-three counts of attempted murder, and sentenced to death. Ford filed a post-conviction petition in district court claiming ineffective assistance of counsel and various other allegations of error. The district court dismissed the petition. We affirm the district court's dismissal of Ford's petition.

## FACTS

On November 27, 1980, Ford drove her car onto a crowded Reno sidewalk killing seven people and injuring many others. She was represented at her trial for murder and attempted murder by Lew Carnahan (Carnahan) of the Washoe County Public Defender's Office. After considering various defenses, Carnahan decided that Ford's only plausible defense was insanity. He had two psychiatrists interview Ford and they found her to be incompetent to stand trial. On January 29, 1981, the trial court declared that Ford was mentally incompetent to stand trial and stayed all proceedings against her.

The district court found Ford competent to stand trial on August 6, 1981. At Ford's trial Carnahan attempted to prove that Ford was not guilty by reason of insanity. Four psychiatrists and nineteen other witnesses testified for the defense. Additionally, Carnahan presented extensive evidence concerning Ford's previous hospitalizations, arrest records, medical history, employment and education.

Carnahan decided not to interview all the victims and their families believing that this could not contribute to Ford's defense. He also decided not to use the defense that Ford's actions were caused by a mechanical defect in her car because he did not believe that the jury would accept such an explanation for Ford's behavior. Therefore, he did not have Ford's car examined until two months after Ford's trial began. The investigator who examined Ford's car found nothing wrong with it. An expert, hired by the district attorney, examined Ford's car shortly after the November incident and also found nothing wrong with it.

Ford was convicted of six counts of first degree murder and twenty-three counts of attempted murder. She was sentenced to death. This court affirmed the district court on both the guilt and penalty phases of Ford's trial.

Ford then filed a post-conviction petition in district court alleging ineffective assistance of trial counsel and various other defenses. The district court dismissed Ford's petition. Ford appeals that decision.

## LEGAL DISCUSSION

Ford contends that she was denied effective assistance of coun-

sel. The standard to be applied to determine a criminal attorney's effectiveness when a client alleges ineffective assistance of counsel was enunciated in Strickland v. Washington, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. *Strickland* also held that overwhelming evidence of guilt is relevant to the question of whether a client had ineffective counsel. *Strickland,* 466 U.S. at 697.

 ■

Ford contends that Carnahan provided ineffective counsel because he failed to adequately investigate the possibility that a mechanical defect in Ford's car caused her to lose control of it, drive five blocks on and off the sidewalks of Reno, kill seven people and injure many others. Ford stresses that Carnahan waited more than two months after the start of the trial to have the car examined by an investigator who was not an expert in mechanics.

Ford's contention that she had an accident and that Carnahan erred in not hiring an expert to investigate her car is without merit. All of the evidence points to the fact that Ford drove onto the sidewalks of Reno with the intent to kill pedestrians. This evidence includes inculpatory statements made by Ford both before and after the November incident and the statements of witnesses to the incident. There is no proof that Ford's car was defective. An expert hired by the district attorney shortly after the accident examined Ford's car and found nothing wrong with it. Finally, Carnahan had Ford's car inspected and nothing was found wrong with it. Carnahan reasonably believed that his only defense was the insanity defense and did not want to detract from it by asserting a meritless defense. Pursuant to *Strickland,* Carnahan made no error which deprived Ford of effective counsel in respect to his investigation of the accident.

 ■

Ford next argues that Carnahan provided ineffective counsel because he did not interview potential witnesses. Ford's argument lacks merit. First, Carnahan traveled to Idaho, Michigan,

and New York to interview all witnesses who could help Ford with her insanity defense. He failed to interview witnesses to the November incident, victims and families of victims because he did not believe they could help Ford at all. This was a reasonable choice given the circumstances of the case. It is difficult to understand how interviewing these witnesses could have helped Ford. This is not the type of case where defense counsel might wish to destroy the credibility of the victims or impeach the witnesses. Finally, we note that Carnahan's decision not to interview all of the witnesses was a tactical decision. Tactical decisions are virtually unchallengeable absent extraordinary circumstances. *Strickland,* 466 U.S. at 691.

Ford's contention that Carnahan failed to prepare a witness named John Rickman (Rickman) to testify is also without merit. Rickman was called to testify by Carnahan to show that Ford had shot a previous husband in self-defense. Rickman testified that he had seen Ford's previous husband hit her. Rickman, however, denied speaking to Carnahan about the case. The district attorney proved that Rickman had spoken with Carnahan about Ford's case. First, Ford fails to prove that Carnahan's performance had anything to do with Rickman's poor performance as a witness. Secondly, Ford fails to demonstrate any prejudice from Rickman's testimony pursuant to *Strickland.*

Ford next contends that she was denied effective assistance of appellate counsel. Ford's claim lacks merit. *Strickland* states that a fair assessment of an attorney's performance "requires that every effort be made to eliminate the distorting effects of hindsight. . . ." 466 U.S. at 689. We have reviewed Ford's appellate counsel's performance and conclude that it is adequate pursuant to *Strickland.*

Ford's contention that her appellate counsel failed to raise all meritorious issues is also without merit. First, we note that Ford's counsel stated that she did not disregard any crucial issue in Ford's appeal. Second, we note that appellate counsel is most effective when she does not raise every conceivable issue on appeal. *See* Jones v. Barnes, 463 U.S. 745, 752. We have reviewed the record and conclude that Ford's counsel adequately raised the relevant issues on appeal.

Ford next contends that Carnahan's lack of experience in capital murder cases denied her effective assistance of counsel. Ford asserts that Carnahan's experience in defending clients in capital cases does not measure up to the "Standards for Appoint-

ment of and Performance of Counsel in Death Penalty Cases'' as defined by the National Legal Aid and Defender Association (NLADA). Ford's argument lacks merit. The NLADA's standards are not controlling in this case. *Strickland* holds that no detailed standards from any organization are to be used to determine an attorney's effectiveness. *Strickland,* 466 U.S. at 688, 689. An attorney's effectiveness at trial is measured by whether he gave reasonable assistance to his client considering the totality of circumstances in the case. *Id.* at 688. There is nothing in the record to show that Carnahan failed to give Ford reasonable assistance.

Finally, Ford claims that the post-conviction court unreasonably limited the use of an attorney hired to serve as an expert witness because it did not give him all volumes of the record on appeal. This argument is without merit. A review of the record shows that the expert witness was supplied with all pertinent parts of the record. We are satisfied that the expert witness had an adequate record to work with.

We conclude that Ford's remaining contentions lack merit and that the district court correctly rejected them.

It is well-settled that this court will not reverse a district court's holding if substantial evidence supports the court. *See* Mitchell v. State, 92 Nev. 458, 552 P.2d 1378 (1976). Substantial evidence supports all of the district court's holdings. Therefore, we affirm the district court's decision.

YOUNG, C. J., STEFFEN and ROSE, JJ., and GUY, D. J.,[1] and BONAVENTURE, D. J.,[2] concur.

---

[1]The Honorable Addeliar D. Guy, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE JOHN C. MOWBRAY, Justice. Nev. Const. art. 6, § 4.

[2]The Honorable Joseph T. Bonaventure, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. 6, § 4.