An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP B. HARPER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60989

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

In his petition, filed on January 19, 2012, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate (a) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice in that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Kirksey v. State, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. Strickland v. Washington, 466 U.S. 668, 697 (1984).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07773

Appellant claimed counsel was ineffective for failing to advise the district court of appellant's mental illness and for failing to seek a competency evaluation prior to the entry of appellant's guilty plea. Appellant failed to demonstrate deficiency or prejudice because even if his alleged facts were true, he would not have been entitled to relief. See Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Having a mental illness, being under the care of a mental health professional, and taking medication for a mental illness does not alone indicate that counsel should have suspected that appellant lacked "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. . . [or] a rational as well as factual understanding of the proceedings against him." Melchor-Gloria v. State, 99 Nev. 174, 180, 660 P.2d 109, 113 (1983) (quoting Dusky v. United States, 362 U.S. 402 (1960)). Further, that appellant's counsel in an unrelated case suspected appellant's competency in November did not mean that appellant was incompetent when he entered his guilty plea the previous July. We therefore conclude that the district court did not err in denying these claims.

Appellant also claimed that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate (a) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice in that the omitted issue would have a reasonable probability of success on appeal. Kirksey, 112 Nev. at 998, 923 P.2d at 1114. Appellate counsel is not required to—and will be most effective when he does not—raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983), as limited by Smith v. Robbins, 528 U.S.

259, 288 (2000); <u>Ford v. State</u>, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. <u>Strickland</u>, 466 U.S. at 697

First, appellant claimed counsel was ineffective for failing to argue that the guilty plea was invalid because of appellant's incompetence. For the reasons discussed previously, appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. Therefore, the district court did not err in denying this claim.

Second, appellant claimed counsel was ineffective for failing to argue that the habitual criminal charge was not properly set forth in the information and that the district court erred in not first sentencing him to the substantive crime charged and then invoking the recidivist statute. Appellant failed to demonstrate deficiency or prejudice. The information clearly set forth that appellant was being charged as a habitual criminal. Further, the judgment of conviction unequivocally demonstrated that appellant was convicted of the primary offense of grand larceny, adjudicated a habitual criminal, and sentenced accordingly. We therefore conclude that the district court did not err in denying these claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Michelle Leavitt, District Judge
Phillip B. Harper
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk