An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHELLI ROSE DEWEY,
Appellant,
vs.
SHERYL FOSTER, WARDEN,
FLORENCE MCCLURE WOMEN'S
CORRECTIONAL CENTER; AND
HOWARD SKOLNIK, DIRECTOR,
NEVADA DEPARTMENT OF
CORRECTIONS,
Respondents.

No. 59716

**FILED**

APR 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Fourth Judicial District Court, Elko County; Charles M. McGee, Senior Judge.

Appellant argues that the district court erred in denying her claims of ineffective assistance of trial counsel from her October 18, 2008, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10506

facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that her trial counsel was ineffective for failing to investigate and present testimony from a linguist who had reviewed her statement to police. Appellant argues that her statements where she appeared to admit guilt were actually questions or hypotheticals made in response to the police's inquiries. An expert in linguistics testified at the evidentiary hearing that appellant's intonation rose at the end of her statements, indicating a question and not a factual statement. For example, appellant asserts that her statement, which appeared to be "I hit him with a knife," was actually a question to the officers, "I hit him with a knife?"

Appellant fails to demonstrate that her counsel's performance was deficient or that she was prejudiced. Testimony presented at the evidentiary hearing demonstrated that use of a linguistics expert in a criminal trial was relatively novel at the time counsel prepared for trial of this matter. Considering the relatively novel use of a linguistics expert in preparation for a criminal trial, appellant fails to demonstrate it was unreasonable for counsel to have not investigated and obtained a linguistics expert to testify in this case. See Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate that conduct from counsel's perspective at the time.") The district court further concluded, after listening to the expert's testimony and the recording of appellant's interviews with the police, that the testimony of appellant's expert was insufficient to demonstrate a reasonable probability of a different outcome at trial had counsel obtained an expert in linguistics. Substantial evidence supports the district court's finding that appellant

failed to demonstrate prejudice. Therefore, appellant fails to demonstrate the district court erred in denying this claim.

Second, appellant argues that her trial counsel was ineffective for failing to provide the defense crime scene analyst with all of the evidence available and failing to ask the analyst proper questions at trial. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Counsel testified that he provided the analyst with all of the evidence in his possession, but that a State's witness caused a delay in sending one report to the analyst. The analyst testified at the evidentiary hearing that he believed the victim pulled the knife out of his own chest after he was stabbed; but even after further review of all of the available evidence, the analyst testified that he could not state how the knife got into the victim's chest. Given the analyst's testimony that he could not opine that appellant did not cause the victim's death, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel supplied the analyst with additional evidence or asked different questions during the trial. Therefore, the district court did not err in denying this claim.

Third, appellant argues that her trial counsel was ineffective for failing to investigate and present evidence through a forensic psychologist regarding battered woman's syndrome and the mental issues appellant suffered as a result of domestic violence. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Counsel testified that, while he could not recall if he sought expert testimony on battered woman's syndrome, he did investigate whether appellant had been abused by the victim; he could not find credible evidence of such abuse. Based on that testimony, counsel's performance was not deficient. Further, the district court concluded that the expert testimony presented at the evidentiary hearing did not

establish that any mental issues appellant suffered from occurred solely by domestic violence at the hands of the victim and not due to traumas suffered since her incarceration. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel sought to present expert testimony on battered woman's syndrome and its effect on appellant. Therefore, the district court did not err in denying this claim.

Fourth, appellant argues that her trial counsel was ineffective for failing to seek an instruction on the spoliation of evidence that the police failed to collect. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced as appellant fails to demonstrate that any of the evidence she asserts the State should have collected was material—that there is a reasonable probability that the outcome of trial would have been different had the defense had access to the uncollected evidence. See Daniels v. State, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998). Therefore, the district court did not err in denying this claim.

Fifth, appellant argues that trial counsel was ineffective for requesting an instruction on self-defense. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Counsel testified at the evidentiary hearing that he wanted to give the jury multiple chances to return a verdict in appellant's favor and that was why he requested a self-defense instruction. Tactical decisions such as this one "are virtually unchallengeable absent extraordinary circumstances," Ford v. State, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989), which appellant did not demonstrate. Appellant also fails to demonstrate a reasonable probability of a different outcome at trial had counsel not requested a self-defense instruction. Therefore, the district court did not err in denying this claim.

Sixth, appellant argues that trial counsel was ineffective for failing to properly present evidence and testimony from an audio expert, which would have demonstrated appellant invoked her right to counsel prior to confessing. Appellant fails to demonstrate that her trial counsel was deficient or that she was prejudiced. The district court concluded, even after listening to the recording enhanced by the audio expert, that appellant failed to demonstrate that she requested a lawyer prior to confessing. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel presented further expert testimony incorporating the enhanced recording. Therefore, the district court did not err in denying this claim.[1]

Seventh, appellant argues that trial counsel was ineffective for failing to investigate and present testimony from R. Goldie. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Appellant's investigator testified that he investigated Goldie prior to trial and gave the information regarding Goldie to counsel. Further, Goldie's testimony at the evidentiary hearing was similar to that of witnesses who testified at trial. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had further investigation of Goldie been performed or had Goldie's testimony

[1]Appellant also appears to argue that trial counsel should have hired an independent transcriber to transcribe the recordings of appellant's interviews with the police. Appellant fails to demonstrate that counsel's performance was deficient or that she was prejudiced. Counsel testified that he did not want to use a transcript at the trial, as he wanted the jury to listen to the tape for themselves and appellant fails to demonstrate this was an unreasonable decision. See Ford, 105 Nev. at 853, 784 P.2d at 953. As the jury was not given a transcript to use at trial, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought an independent transcriber.

been presented at trial. Therefore, the district court did not err in denying this claim.

Eighth, appellant argues that trial counsel was ineffective for failing to file a motion to suppress evidence because the search warrant was not served properly on appellant. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. The officer testified that he left the search warrant for appellant with the jail after appellant's arrest and appellant fails to demonstrate that this service was insufficient. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel argued the search warrant was not properly served on appellant. Therefore, the district court did not err in denying this claim.

Ninth, appellant argues that trial counsel was ineffective for failing to move to suppress evidence allegedly obtained in violation of Franks v. Delaware, 438 U.S. 154 (1978), as appellant asserts the officer falsely claimed in his affidavit in support of the search warrant that appellant was uncooperative and had confessed, and that the officer improperly stated a particular witness had knowledge of the facts prior to the stabbing. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Counsel testified at the evidentiary hearing that he considered raising an argument about the affidavit under the Franks case, but decided against it as he wanted to challenge the officer's statement at trial and wanted the officer to be surprised by the challenge. Tactical decisions such as this one "are virtually unchallengeable absent extraordinary circumstances," Ford, 105 Nev. at 853, 784 P.2d at 953, which appellant did not demonstrate. Appellant fails to demonstrate that any of the statements were false or that the officer made knowing and intentional false statements, and therefore, fails to demonstrate a reasonable probability of a different

outcome had counsel sought to suppress the search warrant. Franks, 438 U.S. at 155-56. Therefore, the district court did not err in denying this claim.

Tenth, appellant argues that trial counsel was ineffective for failing to make a proper record regarding invocation of appellant's right to remain silent, which caused appellate counsel to litigate this issue on appeal with an incomplete record. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. The underlying claim was considered on direct appeal and this court concluded that the police did not violate appellant's right to remain silent. Dewey v. State, 123 Nev. 483, 489-91, 169 P.3d 1149, 1153-54 (2007). Appellant fails to demonstrate that the additional issues she highlights, such as appellant's concern for her children, appellant's intoxication level, and the waiver-of-rights form, were not available to be considered on direct appeal as they were discussed during the trial and the discussion was included in the trial transcript. Appellant also fails to demonstrate a reasonable probability of a different outcome had counsel made an additional record regarding this issue as appellant fails to demonstrate the police violated her right to remain silent. Therefore, the district court did not err in denying this claim.

Eleventh, appellant argues that trial counsel was ineffective for failing to seek suppression of appellant's statements as appellant was detained longer than 60 minutes in violation of NRS 171.123. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. A suspect has been detained "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. . . . [T]he subjective intent of the officers is relevant to an assessment of the Fourth Amendment implications of police conduct only to the extent that that

intent has been conveyed to the person confronted.'" State v. McKellips, 118 Nev. 465, 469-70, 49 P.3d 655 659 (2002) (quoting Michigan v. Chesternut, 486 U.S. 567, 573, 575 n.7 (1988)). In the context of a voluntariness inquiry, the trial court determined that appellant was not in custody until she was placed under arrest after her initial interview. Here, appellant points to no evidence, other than a few police officers' testimony that they would not have allowed appellant to leave the crime scene on her own, to demonstrate that reasonable trial counsel would have raised additional arguments that appellant was improperly detained pre-arrest.

In addition, even assuming that appellant was actually detained longer than 60 minutes prior to her arrest, ripening the detainment into an arrest, appellant fails to demonstrate that the police did not have probable cause to arrest her, given the evidence that appellant was the only person with her fatally stabbed husband and that appellant had been in a struggle with the victim. Id. at 472, 49 P.3d at 660 ("Probable cause to arrest 'exists when police have reasonably trustworthy information of facts and circumstances that are sufficient in themselves to warrant a person of reasonable caution to believe that [a crime] has been . . . committed by the person to be arrested.'" (alteration and omission in original) (quoting Doleman v. State, 107 Nev. 409, 413, 812 P.2d 1287, 1289 (1991))). Accordingly, appellant fails to demonstrate a reasonable likelihood of a different outcome had counsel raised this claim. Therefore, the district court did not err in denying this claim.

Twelfth, appellant argues that errors committed by trial counsel cumulatively amount to ineffective assistance of counsel. Appellant fails to demonstrate deficiency or prejudice for any of the previous claims, and therefore, fails to demonstrate errors of counsel

amount cumulatively to ineffective assistance of counsel. Therefore, the district court did not err in denying this claim.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:   Chief Judge, Fourth Judicial District Court
      Hon. Charles M. McGee, Senior Judge
      Richard F. Cornell
      Attorney General/Carson City
      Elko County District Attorney
      Elko County Clerk

_____

[2]Appellant filed a motion requesting oral argument. We conclude that oral argument is unnecessary for our disposition of this appeal and deny appellant's motion. See NRAP 34(f)(3).