An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN H. ROSKY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60145

**FILED**

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Maline_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Steven P. Elliott, Senior Judge.

Appellant argues that the district court erred in denying the claims of ineffective assistance of trial counsel raised in his April 11, 2008, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

13- 17289

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel was ineffective for failing to impeach the victim with her inconsistent statements, which appellant asserts would have demonstrated that the victim consented to the sexual contact. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel cross-examined the victim regarding her inconsistent statements. At the evidentiary hearing, counsel testified that he did not wish to question the victim about many of her previous statements because they would have highlighted appellant's actions that were damaging to his defense. In addition, the victim testified at trial that she initially did not admit to the sexual contact with appellant out of shame, embarrassment, and fear that appellant would harm her if she told others. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel made further efforts to question the victim regarding inconsistent statements given the evidence that the sexual act occurred against the victim's will or under conditions in which appellant knew or should have known that the victim was mentally or physically incapable of resisting as the victim testified that she was extremely intoxicated during the sexual contact. *See Shannon v. State*, 105 Nev. 782, 790, 783 P.2d 942, 947 (1989) (citing NRS 200.366). Therefore, the district court did not err in denying this claim.

Second, appellant argues that his trial counsel was ineffective for failing to elicit certain testimony from a child witness and for failing to call two witnesses to testify, as appellant asserts that their statements would have bolstered his defense that the sexual activity was consensual

and show that the victim had altered her story regarding sexual activity with appellant. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. At the evidentiary hearing, counsel discussed his tactical decisions related to these witnesses. Counsel stated that he felt that the testimony of the child witness was not harmful to the defense and he did not want to question her further out of fear that she would say things that were harmful. In addition, one of the witnesses told the defense investigator that he would not be helpful to the defense and counsel stated that was why the defense did not present his testimony. Counsel also stated that he believed any positives from these witnesses would have been outweighed by the negative information that would have also been highlighted for the jury. Tactical decisions such as this one "are virtually unchallengeable absent extraordinary circumstances," *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989), which appellant does not demonstrate.

Appellant also fails to demonstrate prejudice from counsel's decisions regarding these witnesses. The witnesses' testimony at the evidentiary hearing provided further evidence of appellant's grooming of the victim or was duplicative of information that was actually presented at trial. Accordingly, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel presented the testimony at issue. Therefore, the district court did not err in denying this claim.

Third, appellant argues that his trial counsel was ineffective for failing to properly authenticate and introduce a tape recording of the victim. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel asked the child victim if she consented to the recording and she stated she could not remember the

discussion with appellant. As appellant fails to demonstrate that the tape recording was made with the victim's consent, appellant fails to demonstrate that there were any actions that counsel could have properly performed which would have authenticated the tape recording. *See* NRS 200.620; *see also Lane v. Allstate Ins. Co.*, 114 Nev. 1176, 1179-80, 969 P.2d 938, 940-41 (1998). Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel made further attempts to introduce the tape recording as he fails to demonstrate that the victim consented to the recording. Therefore, the district court did not err in denying this claim.[1]

Fourth, appellant argues that counsel was ineffective for failing to argue that the indictment did not provide notice of the allegation that appellant groomed the victim in order to gain her acquiescence to sexual acts. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel testified that he had sufficient notice of the State's theory that appellant groomed the victim. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel argued the indictment did not provide sufficient notice of the State's theory as the information provided a

---

[1]Appellant also asserts that the district court erred in declining to admit the tape recording into evidence at the evidentiary hearing. This court determined on direct appeal that the tape recording was inadmissible because appellant failed in his attempt to demonstrate that the victim remembered the conversation or consented to the recording, *Rosky v. State*, Docket No. 47407 (Order of Affirmance, January 24, 2008). Appellant fails to demonstrate that the district court erred in following this court's determination as he failed to provide any additional evidence that the victim actually consented to being recorded.

plain and concise statement of the essential facts of the charged offenses. *See* NRS 173.075(1). Therefore, the district court did not err in denying this claim.

Fifth, appellant argues that trial counsel was ineffective for failing to encourage appellant to testify at trial. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. At the evidentiary hearing, appellant conceded that counsel's advice to not testify due to concerns that appellant's prior bad acts, which included a previous conviction for lewdness with a child victim, would be heard by the jury was reasonable given the allegations by a child victim in this case. In addition, appellant personally stated to the trial court that he had discussed testifying with counsel and was satisfied with counsel's advice. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel encouraged him to testify. Therefore, the district court did not err in denying this claim.

Sixth, appellant argues counsel's errors cumulatively amount to ineffective assistance of counsel. As appellant fails to demonstrate any deficiency or prejudice for any of his previous claims, he fails to demonstrate that cumulative counsel error resulted in ineffective assistance. Therefore, the district court did not err in denying this claim.

Next, appellant argues that the district court erred in refusing to allow appellant to subpoena the victim to testify at the post-conviction evidentiary hearing. The district court concluded that the victim's testimony was not necessary at the evidentiary hearing because she had testified multiple times in the past and appellant had made no showing that the victim's testimony would be different should she be forced to testify again, essentially concluding that further testimony by the victim

would be cumulative and unnecessary for the post-conviction proceedings. Appellant fails to demonstrate the district court abused its discretion in concluding that testimony from the victim was not necessary for the post-conviction proceedings. Therefore, the appellant fails to demonstrate that he is entitled to relief for this claim.

Having concluded appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:　Hon. Elliott Sattler, II, District Judge
　　　Mary Lou Wilson
　　　Attorney General/Carson City
　　　Washoe County District Attorney
　　　Washoe District Court Clerk

---

[2]Appellant filed an amended motion asking this court to direct the clerk of the district court to transmit two original exhibits to this court that the district court declined to admit during the post-conviction proceedings. Our review demonstrates that the original exhibits were not necessary for our consideration of this matter. *See* NRAP 30(d). Therefore, we deny appellant's motion.