An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

OMAR J. TALLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62105

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

In his petition filed on December 8, 2011, and his supplemental petition filed on September 5, 2012, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden,* 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-27749

(1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

First, appellant claimed that trial counsel was ineffective for failing to investigate and obtain surveillance video from a clothing store and information regarding a cab company, which would have revealed that appellant was not with the victim on two occasions. Appellant failed to demonstrate that he was prejudiced, as he did not demonstrate that any such evidence would have been material to the charges of pandering of a child, pandering by furnishing transportation to a child, or child abuse and neglect. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that trial counsel was ineffective for failing to move for dismissal of the charges at the preliminary hearing and at trial because there was no evidence corroborating the victim's testimony. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Contrary to appellant's assertion, the juvenile victim was not an accomplice to the crimes of pandering and child abuse and neglect, and no corroboration was required. *See* NRS 175.291; NRS 201.300(1)(a); NRS 201.340(1); NRS 200.508; *Ford v. State*, 127 Nev. ___, ___, 262 P.3d 1123, 1128 (2011). Appellant also appeared to claim that counsel should have sought to dismiss the charges because there was no evidence that the victim actually engaged in prostitution. However, this claim lacks merit, as the crime of pandering is "an inchoate crime of solicitation," not actual prostitution. *See* NRS 201.300(1)(a); *Ford*, 127 Nev. at ___, 262 P.3d at 1130, 1133. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that trial counsel was ineffective for failing to adequately advise appellant as to whether he should testify.

Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant failed to explain what advice counsel gave him and how it was improper. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Furthermore, this court concluded on direct appeal that the district court properly admonished appellant and that appellant acknowledged that he understood the admonishments. *Talley v. State*, Docket No. 56228 (Order of Affirmance, March 17, 2011). Therefore, appellant failed to demonstrate that he was not properly informed of his right to testify. Accordingly, the district court did not err in denying this claim.

Fourth, appellant claimed that trial counsel was ineffective for failing to provide case law in support of his objection to the cross-section of the jury pool. Appellant failed to demonstrate that he was prejudiced. Appellant failed to demonstrate a prima facie violation of the fair cross-section requirement. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979); *Williams v. State*, 121 Nev. 934, 939-40, 125 P.3d 627, 631 (2005). Notably, appellant provided no information to demonstrate systematic exclusion of minorities. *See Williams*, 121 Nev. at 939-40, 125 P.3d at 631. Therefore, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel raised further arguments regarding this issue. Accordingly, the district court did not err in denying this claim.

Next, appellant claimed that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102,

SUPREME COURT
OF
NEVADA

(O) 1947A

1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697.

First, appellant claimed that appellate counsel was ineffective for failing to challenge the jury pool on appeal. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced because, as discussed above, he failed to demonstrate a prima facie violation of the fair cross-section requirement. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. The victim's testimony provided sufficient evidence for a rational juror to infer that appellant engaged in pandering of a child, pandering by furnishing transportation to a child, and child abuse and neglect. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Specifically, the victim testified that appellant convinced her to leave her home and engage in prostitution and she would not have done it otherwise, and that appellant drove the victim to a location for prostitution. NRS 201.300(1)(a); NRS 201.340(1); NRS 200.508. To the extent that appellant argues that the victim's testimony was inconsistent and incredible, the weight and credibility of testimony is for the jury to decide. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Because appellant failed to demonstrate a reasonable probability of success had appellate counsel challenged the sufficiency of the evidence on direct appeal, the district court did not err in denying this claim.

Finally, appellant claimed that appellate counsel was ineffective for failing to file a supplemental fast track statement on direct appeal. He appeared to assert that appellate counsel should have raised all of the underlying above-mentioned claims on direct appeal. Appellant failed to demonstrate that he was prejudiced, as he did not demonstrate that any of these claims had a reasonable probability of success on appeal. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jennifer P. Togliatti, District Judge
       Omar J. Talley
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk