An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

OSCAR GEOVANI RICO-ARREOLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61859

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant argues that the district court erred in denying his claim of ineffective assistance of counsel raised in his October 3, 2011, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland,* 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27771

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that his trial counsel were ineffective for failing to attempt to suppress any reference at trial to his statements to the police as appellant asserts he invoked his right to counsel and was intoxicated during the interview. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. At the evidentiary hearing, counsel testified that they did not want to suppress his statements to the police because appellant denied committing the crime in those statements and counsel believed his statements were helpful to his defense at trial. Tactical decisions such as this one "are virtually unchallengeable absent extraordinary circumstances," *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989), which appellant does not demonstrate. As appellant denied committing the crime in his statements to the police, he fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought to suppress any reference to his statements. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Abbi Silver, District Judge
Law Office of Kristina Wildeveld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk