An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM CHARLES MERRITT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61134

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant argues that the district court erred in denying claims of ineffective assistance of trial counsel raised in his April 5, 2011, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

Appellant argues that his trial counsel was ineffective for failing to present evidence demonstrating that the victim's ex-husband was sterile and that appellant was not sterile. Appellant argues that the

13-27773

semen recovered from the victim did not contain sperm and that evidence would have shown that the semen came from the victim's ex-husband, not appellant. Appellant fails to demonstrate that he was prejudiced. Both the victim and her ex-husband testified at trial that they had not had sex with each other since they separated approximately 10 years prior to this incident. In addition, expert testimony explained that there were many reasons why sperm would not be discovered in the semen found on the victim and that the sterility of the male was only one possibility. Accordingly, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel presented evidence to show the victim had sex with her ex-husband rather than was sexually assaulted by appellant. Therefore, the district court did not err in denying this claim.

Next, appellant argues that his appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant argues that his appellate counsel was ineffective for failing to argue there was insufficient evidence for the sexual assault conviction. Appellant fails to demonstrate that his

appellate counsel was deficient or that he was prejudiced. The victim testified that appellant penetrated her, but was unable to maintain an erection. This was sufficient testimony to demonstrate that appellant committed sexual assault as penetration need only be slight. *See* NRS 200.364(4); NRS 200.366(1). Appellant fails to demonstrate a reasonable likelihood of success on appeal had counsel argued there was insufficient evidence of sexual assault presented at trial. Therefore, the district court did not err in denying this claim.

Second, appellant argues that his appellate counsel was ineffective for failing to include a transcript of the sentencing hearing with the record before this court in support of his claim that he should not have been adjudicated as a habitual criminal. Appellant fails to demonstrate he was prejudiced. It is appellant's burden to provide this court with an adequate record for review and appellant again fails to include a transcript of the sentencing hearing for this court's review. *See Thomas v. State*, 120 Nev. 37, 43 n.4, 83 P.3d 818, 822 n.4 (2004) ("Appellant has the ultimate responsibility to provide this court with 'portions of the record essential to determination of issues raised in appellant's appeal.'"); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). As noted on direct appeal, the State's notice to seek habitual criminal treatment alleges sufficient felony convictions for habitual criminal treatment. Based on the record before this court, appellant does not demonstrate a reasonable likelihood of a different outcome on appeal had counsel included the sentencing transcript. Therefore, the district court did not err in denying this claim.

Next, appellant argues that the district court erred in denying the claims raised in appellant's proper person petition without conducting

an evidentiary hearing. Appellant lists the claims raised in the proper person petition, but fails to provide any cogent argument as to how or why the district court erred in denying these claims without conducting an evidentiary hearing. "It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court." *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Thus, we need not address these claims.

Having concluded appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Doug Smith, District Judge
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk