An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERNEST SUNRHODES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63174

FILED

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

On appeal from the denial of his petition filed on October 4, 2011, appellant argues that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 15433

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that trial counsel was ineffective for failing to adequately cross-examine the victim. Appellant contends that counsel was unreasonable for choosing to limit cross-examination of the victim in order to prevent the State from presenting evidence about the victim's prior consistent statements. Appellant has failed to demonstrate that trial counsel's performance was deficient. The record shows that trial counsel strategically chose to limit her cross-examination of the victim so that the State would not be able to call witnesses to rehabilitate the victim and buttress her credibility. Tactical decisions of counsel are virtually unchallengeable absent extraordinary circumstances and appellant failed to demonstrate any such circumstances here. *See Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

Further, appellant fails to demonstrate that he was prejudiced by trial counsel's decision to limit cross-examination of the victim. At trial, the victim, who is appellant's stepdaughter, testified that appellant sexually assaulted her in a hotel room while they were in Las Vegas for a conference. The victim further testified that she told her mother about the assault several months later but no action was taken, and the victim waited approximately two and a half years before disclosing the assault to her sister and grandmother, who then reported the incident to the police. Trial counsel cross-examined the victim about the length of time she waited before reporting the incident, and counsel called defense witnesses to testify that appellant was never alone in a hotel room with the victim and that the sexual assault could not have happened. While appellant contends that counsel should have cross-examined the victim about her

reasons for failing to disclose earlier and her behavior after the sexual assault, the victim touched on these issues during direct examination, and appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel cross-examined the victim about them. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant argues that trial counsel was ineffective for failing to investigate the victim. Appellant did not raise this claim in his post-conviction petition for a writ of habeas corpus, and we decline to address it in the first instance. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004). Therefore, we conclude that the district court did not err in denying the petition, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                        Cherry

---

[1]Appellant's opening brief does not comply with the Nevada Rules of Appellate Procedure because it does not contain one-inch margins on all four sides and the footnotes are not in the same font size as the body of the brief. *See* NRAP 32(a)(4), (5). We caution counsel that future failure to comply with the rules of this court when filing briefs may result in the imposition of sanctions.

 

cc: Hon. David B. Barker, District Judge
Law Office of Betsy Allen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A