An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY CRAIG ROSALES,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
CENTER; AND THE STATE OF
NEVADA,
Respondents.

No. 66842

**FILED**

OCT 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant Gary Craig Rosales argues that the district court erred in denying two claims of ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31439

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Rosales contends that trial counsel was ineffective for failing to move to suppress evidence on the basis that his mother's consent to a search of their apartment was tainted by the police officers' illegal entry into the apartment. He argues that evidence seized from the apartment should have been suppressed as fruit of the poisonous tree because the officers' warrantless entry into the apartment was not justified by exigent circumstances and the subsequent consent did not "cure" the illegal entry. We conclude that Rosales fails to demonstrate that counsel's performance was deficient or that he was prejudiced. Even if the entry into the apartment was impermissible under the Fourth Amendment, the mere fact of an illegal entry alone does not vitiate any subsequent consent to a search. Rather, the issue of whether the consent is valid depends on whether the consent was sufficiently attenuated from the illegal entry. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963); *United States v. Furrow*, 229 F.3d 805, 813-14 (9th Cir. 2000), *overruled on other grounds by United States v. Johnson*, 256 F.3d 895 (9th Cir. 2001); *Howe v. State*, 112 Nev. 458, 469-70, 916 P.2d 153, 161-62 (1996). Rosales argues only that the illegal entry tainted the consent; he fails to provide relevant authority or cogent argument as to whether the consent was sufficiently attenuated so as to dissipate the taint of the illegal entry. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Therefore, he fails to demonstrate that the district court erred in concluding that the consent was valid despite the warrantless entry and thus trial counsel was not ineffective.

Second, Rosales argues that trial counsel was ineffective for failing to move to suppress Rosales's statements to the police on the basis that they were involuntary due to his mental illness. We conclude that Rosales fails to demonstrate that trial counsel's performance was deficient. His first trial counsel moved to suppress the statements based on coercion and duress, and the trial court held a lengthy evidentiary hearing before denying the motion. His second trial counsel argued to the trial court that the statements should be suppressed as involuntary because Rosales was suffering from mental illness at the time, and the trial court found that the totality of the circumstances showed that the statements were voluntary. Thus, the record belies Rosales's claim that trial counsel failed to challenge the statements as involuntary due to mental illness. Accordingly, we conclude that the district court did not err in denying this claim.

Next, Rosales contends that the district court erred in denying his claim of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

Rosales argues that appellate counsel was ineffective for failing to argue that, based on the doctrine of "retroactive misjoinder,"

Rosales was entitled to a new trial on the remaining counts following the reversal of the criminal anarchy conviction on direct appeal. Rosales relies on case law from the federal courts for the doctrine of "retroactive misjoinder," which occurs when "joinder of multiple counts was proper initially, but later developments—such as . . . an appellate court's reversal of less than all convictions—render the initial joinder improper" and results in "[p]rejudicial spillover from evidence used to obtain [the] conviction subsequently reversed on appeal." *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009) (internal quotations omitted). Rosales contends that, because the graffiti that was used in support of the criminal anarchy charge was highly inflammatory and would not have been admissible if the case had been tried without the anarchy count, the prejudicial spillover from that evidence required a new trial on the other counts of aggravated stalking, attempted murder, and discharging a firearm into a structure.

This court has never adopted or applied the doctrine of "retroactive misjoinder." Thus, Rosales fails to demonstrate that appellate counsel acted objectively unreasonably by not arguing for a new trial based on a doctrine not recognized by this court. Further, Rosales fails to demonstrate that a "retroactive misjoinder" argument would have had a reasonable probability of success on appeal. Even assuming that this court would have recognized the doctrine, this court concluded on direct appeal that sufficient evidence supported the other convictions, Rosales does not dispute that the jury was properly instructed on the use of the evidence, *see Hymon v. State*, 121 Nev. 200, 211, 111 P.3d 1092, 1100 (2005) (presuming the jury follows its instructions), and Rosales fails to demonstrate "prejudice so pervasive that a miscarriage of justice looms,"

*Lazarenko*, 564 F.3d at 1043 (internal quotations omitted). Thus, we conclude that the district court did not err in denying this claim.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Patrick Flanagan, District Judge
        Janet S. Bessemer
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A