IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS MANUEL REYES-MARQUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77336

FILED

FEB 0 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

Appellant argues that the district court erred in denying his claim of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

20-04964

Appellant asserts appellate counsel should have argued that the district court abused its discretion in denying a request for continuance after the State filed a notice of witnesses with nine additional names shortly before trial. Appellant did not demonstrate deficient performance or prejudice. The denial of a request for a continuance is reviewed for an abuse of discretion, and appellant did not show the trial court abused its discretion in denying his motion. *See Doyle v. State*, 104 Nev. 729, 731, 765 P.2d 1156, 1157 (1988), *Zessman v. State*, 94 Nev. 28, 31, 573 P.2d 1174, 1177 (1978). The State's notice of witnesses was timely filed pursuant to NRS 174.234(1)(a)(2), and appellate counsel testified that the additional witnesses named were readily apparent in the discovery. Only three of the nine additional witnesses testified at trial, and appellant has not demonstrated any prejudice resulting from the denial of his request. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ *Pickering* _____, C.J.
Pickering

_____, J.          _____ *Douglas* _____, Sr. J.
Hardesty                                    Douglas

cc:    Hon. Kathleen M. Drakulich, District Judge
       Law Office of Thomas L. Qualls, Ltd.
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.