An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEE ALVIN VINCENT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60873

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant claims that the district court erred in denying his claims of ineffective assistance of trial counsel raised in his February 28, 2011, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21573

findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel was ineffective during a post-verdict hearing regarding a juror who had begun a romantic relationship with appellant's codefendant. Appellant argues that the juror was biased and counsel should have personally questioned the juror at the hearing or requested additional time in order to investigate the juror's conduct. Appellant fails to demonstrate that counsel's performance was deficient or that he was prejudiced. The juror testified that the romantic relationship between her and appellant's codefendant did not begin until after the trial. She also stated that she had no bias against appellant and had followed her oath and all of the court's instructions while acting as a juror. Counsel testified at the evidentiary hearing that the codefendant's counsel questioned the juror and he did not feel it necessary for him to question the juror as well. Counsel also testified that he did not question the juror or request additional time to investigate the juror because it was clear that the juror's romantic feelings for the codefendant formed after the jury had rendered a verdict for both defendants and there was no evidence that the juror was biased against appellant. Tactical decisions such as this one "are virtually unchallengeable absent extraordinary circumstances," *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989), which appellant does not demonstrate. Given the lack of evidence that the juror was biased or acted improperly during appellant's trial, appellant fails to demonstrate a reasonable probability of a different outcome had counsel posed questions to the juror or requested additional time to

investigate the juror's conduct. Therefore, the district court did not err in denying this claim.

Second, appellant argues that his trial counsel failed to hire independent forensics, toolmark, or firearms experts. Appellant also argues that counsel should have sought a new trial based on a recent report that questioned the validity of those types of expert opinions. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that there were any experts who would have testified differently than the expert witnesses who testified on behalf of the State at trial. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). There was overwhelming evidence presented at trial that appellant was guilty of murder and did not act in self-defense. Accordingly, appellant fails to demonstrate a reasonable probability of a different outcome had counsel hired independent experts or questioned the trustworthiness of this type of evidence. Therefore, the district court did not err in denying this claim.

Next, appellant argues that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most

effective when every conceivable issue is not raised on appeal. *Ford*, 105 Nev. at 853, 784 P.2d at 953. As stated previously, we give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader*, 121 Nev. at 686, 120 P.3d at 1166.

First, appellant argues that his appellate counsel was ineffective for failing to adequately argue on direct appeal that the trial court should have severed his trial from that of his codefendant. Appellant acknowledges that the underlying claim was raised and rejected on direct appeal, but asserts that counsel erred in citing to certain cases which appellant argues did not support his claim. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel testified at the evidentiary hearing that he raised arguments and cited to the cases that he believed supported the severance claim. Tactical decisions such as this one "are virtually unchallengeable absent extraordinary circumstances," *Ford*, 105 Nev. at 853, 784 P.2d at 953, which appellant does not demonstrate. Given the overwhelming evidence of appellant's guilt, appellant fails to demonstrate that this claim had a reasonable likelihood of success had counsel argued the underlying claim differently. Therefore, the district court did not err in denying this claim.

Second, appellant argues that his appellate counsel was ineffective for failing to adequately address the issue regarding juror bias stemming from the after-trial romantic relationship between a juror and his codefendant. Appellant acknowledges that this issue was raised on direct appeal, but asserts that counsel erred in failing to argue this issue

at length or argue that this issue violated appellant's rights under the U.S. Constitution. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel testified at the evidentiary hearing that while he raised the issue on appeal, he did not feel it would be successful because it was clear that the romantic contact between the juror and the codefendant only occurred after the trial's conclusion. Counsel testified that he wanted to focus on what he felt were stronger issues and that was the reason he did not include a lengthier argument on the juror issue. Given the lack of evidence to support a claim of juror bias, appellant fails to demonstrate that this was an improper tactical decision. *See id.* Appellant fails to demonstrate a reasonable likelihood of success on appeal had counsel argued the juror-bias issue at length or raised the issue as a claim of error under the U.S. Constitution. Therefore, the district court did not err in denying this claim.

Next, appellant argues that the trial court erred in denying his motions for severance and a motion for new trial based on the juror's after-trial relationship with the codefendant.[1] These issues were considered and rejected on direct appeal. *Vincent v. State*, Docket No. 53288 (Order of Affirmance, February 3, 2010). The doctrine of law of the

---

[1]The State asserts that appellant abandoned these issues because they were not discussed at the evidentiary hearing. However, appellant did not specifically abandon these issues in the proceedings before the district court, and therefore, it is appropriate for this court to consider them on appeal.

case prevents further litigation of these issues and "cannot be avoided by a more detailed and precisely focused argument." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Therefore, the district court did not err in denying these claims.

Having concluded appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Valerie Adair, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk