An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEITH G. SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59640



FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

On appeal from the denial of his November 26, 2009, petition and his January 19, 2011, supplemental petition, appellant claims that the district court erred in denying his claims that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27948

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that counsel was ineffective for commenting on appellant's right to remain silent during closing arguments. Appellant fails to demonstrate that counsel was deficient. Trial counsel stated during closing arguments, "[o]ne of the most important witnesses in this case didn't get on the stand and testify, but you heard what they had to say, and that is Keith in that interview." At the evidentiary hearing counsel testified that his choice to make this statement was a tactical decision. He wanted to use appellant's statements in the interview in order to tell appellant's side because appellant did not testify at trial. "Tactical decisions [of counsel] are virtually unchallengeable absent extraordinary circumstances," *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989), and appellant failed to demonstrate any extraordinary circumstances. Therefore, the district court did not err in denying this claim.

Second, appellant claims that trial counsel was ineffective for failing to object to other bad act evidence that was introduced at trial. Specifically, appellant claims that counsel should have objected to the State's introduction of other "sex toys" and apparatuses found in appellant's home that were not used in the crime. We note that owning sex toys and apparatuses would not be a bad act pursuant to NRS 48.045(2) as owning these objects is not illegal. However, appellant also argues that the evidence was irrelevant and that the probative value of the evidence was substantially outweighed by the prejudicial effect of the evidence. Appellant fails to demonstrate that he was prejudiced by trial counsel's failure to argue that the evidence was irrelevant. Specifically,

appellant fails to demonstrate a reasonable probability of a different outcome at trial because there was overwhelming evidence presented at trial. The evidence presented demonstrated that the victim was unable to consent to sexual contact because the victim had been heavily drinking prior to getting into appellant's cab. Appellant told the police in his interview that the victim was in and out of consciousness during the cab ride and at his home. Further, this court concluded on appeal that the victim testified with some particularity regarding the incident, which was sufficient in itself to uphold the conviction. *Smith v. State*, Docket No. 42069 (Order of Affirmance and Limited Remand to Correct the Judgment of Conviction, December 21, 2005). Therefore, the district court did not err in denying this claim.[1]

Third, appellant claims that trial counsel was ineffective for failing to request the criminal history of the victim from the State. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced.[2] Trial counsel testified at the evidentiary hearing that his office had access to computer programs that could produce a person's criminal history. He stated that he asked his investigator to look into the

---

[1]To the extent that appellant claims that appellate counsel should have raised the underlying claim on appeal, appellant fails to demonstrate that this claim had a reasonable probability of success on appeal because of the overwhelming evidence presented at trial. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).

[2]Further, to the extent that appellant claims that the district court erred by denying his motion for discovery regarding the victim's criminal history, appellant fails to demonstrate that the district court abused its discretion in denying the motion. *Means*, 120 Nev. at 1007, 103 P.3d at 29.

victim's criminal history and that the investigator did not inform him of any criminal history. Further, appellant fails to demonstrate a reasonable probability of a different outcome at trial had trial counsel requested the criminal history from the State given the overwhelming evidence presented at trial, including appellant's statements to the police that the victim was in and out of consciousness. Therefore, the district court did not err in denying this claim.

Fourth, appellant claims that trial counsel was ineffective for failing to test the victim's blood sample to see if it was positive for methamphetamine. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced.[3] Trial counsel testified at the evidentiary hearing that he did not pursue the blood sample because the theory of the prosecution was that the victim was too intoxicated to consent, and if the victim was also on methamphetamine in addition to drinking, that would only help the State. "Tactical decisions [of counsel] are virtually unchallengeable absent extraordinary circumstances," *Ford*, 105 Nev. at 853, 784 P.2d at 953, and appellant failed to demonstrate any extraordinary circumstances. Further, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel further tested the blood sample. Appellant claims that because methamphetamine is a stimulant it may have shown that the victim was aware of what she was doing and that she consented to the sexual contact. As stated above, appellant's own statements to the police demonstrate

---

[3]Further, to the extent that appellant claims that the district court erred by denying his motion for discovery regarding the testing of the blood sample, appellant fails to demonstrate that the district court abused its discretion in denying the motion. *Id.*

that the victim was in and out of consciousness during the entire incident, which does not change even if counsel demonstrated that she was using methamphetamine. Therefore, the district court did not err in denying this claim.

Fifth, appellant argues that trial counsel was ineffective for failing to object to the nurse's testimony regarding the blood sample because she was not a qualified expert relying on *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009) and *Bullcoming v. New Mexico*, 564 U.S. ___, 131 S.Ct. 2705 (2011). Appellant fails to demonstrate that these cases apply retroactively to him. Generally, a new rule will not apply retroactively to a person whose conviction was final before the new rule was announced. Appellant's conviction was final on December 17, 2006, and *Melendez-Diaz* and *Bullcoming* were not decided until 2009, and 2011, respectively. Appellant fails to allege facts to support that he met either exception to the general principle that such rules do not apply retroactively to cases which were already final. *Colwell v. State*, 118 Nev. 807, 816, 59 P.3d 463, 469-70 (2002). Further, if this claim was not new and was available to be raised after *Crawford v. Washington*, 541 U.S. 36 (2004) was decided, appellant failed to demonstrate that he was prejudiced by counsel's failure to challenge the testimony or appellate counsel's failure to raise this claim on appeal. As stated above, overwhelming evidence was presented at trial and the absence of the nurse's testimony regarding the blood sample would not have affected the strength of the evidence against appellant. Therefore, the district court did not err in denying this claim.

Sixth, appellant argues that the district court erred in denying additional claims raised in the proper person petition. Appellant fails to

provide any cogent argument as to how or why the district court erred in denying these claims and merely refers to the proper person petition without discussing any of the issues raised therein. "It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court." *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Moreover, appellant may not incorporate by reference arguments made in documents filed before the district court. *See* NRAP 28(e)(2). Thus, we do not address these claims.

Finally, appellant claims that the district court erred in denying his claim that the cumulative errors of counsel entitled him to relief. Appellant fails to demonstrate any alleged errors by counsel, singly or cumulatively, would have had a reasonable probability of altering the outcome of trial. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Jerome T. Tao, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk