An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDERICK WILLIAM ADKINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62173

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

In his October 1, 2009, petition, appellant claimed that his counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (for a conviction based on a guilty plea, a petitioner must demonstrate prejudice such that there is a reasonable probability that, but for counsel's errors,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-30965

petitioner would not have pleaded guilty and would have insisted on going to trial). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed his counsel had a conflict of interest because his first counsel threatened to physically harm appellant. Appellant's first counsel testified at the evidentiary hearing that he and appellant got into an argument, during which counsel threatened to harm appellant. Following that argument, a different attorney represented appellant for the district court proceedings, including the preliminary hearing, plea negotiations, plea canvass, and sentencing hearing. The second counsel testified at the evidentiary hearing that he and appellant had a fine working relationship. Under these circumstances, appellant failed to demonstrate an actual conflict of interest. *See Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Moreover, the collapse of the initial attorney-client relationship was cured by the substitution of the second counsel. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his counsel failed to challenge the amended information. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant made only a bare claim that counsel should have challenged the amended information and did not identify any grounds upon which such a challenge would have been successful. *See Hargrove v. State*, 100 Nev. 498, 252-53,

686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his counsel was ineffective for failing to pursue an insanity defense. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Prior to appellant's plea, appellant was evaluated and determined to be competent. Counsel testified that he reviewed the evaluation and did not find anything to support an insanity defense. Moreover, appellant did not demonstrate that he was in a delusional state during the crime such that he could not know or understand the nature and capacity of his acts or could not appreciate the wrongfulness of his acts. *See Finger v. State*, 117 Nev. 548, 576, 27 P.3d 66, 84-85 (2001). Accordingly, appellant failed to demonstrate a reasonable probability of a different outcome had counsel sought to present an insanity defense. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that his counsel should have moved to dismiss the charges due to the State's suborning perjury from witnesses at the preliminary hearing. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant made only a bare claim that witnesses committed perjury at the preliminary hearing and provided no evidence that the State suborned perjury. Bare claims are insufficient to demonstrate that a petitioner is entitled to relief. *See Hargrove*, 100 Nev. at 252-53, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.[2]

---

[2]Appellant also claimed that his appellate counsel was ineffective for failing to argue on direct appeal that the State suborned perjury at the preliminary hearing. Given the lack of evidence to support the underlying claim, appellant failed to demonstrate a reasonable likelihood of success

*continued on next page . . .*

Fifth, appellant claimed that his counsel was ineffective for failing to investigate appellant's mental health or argue that he was incompetent. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel testified that he had appellant evaluated for competency and that the evaluation showed that appellant was competent. Counsel testified that appellant was able to help in his defense and appeared to understand the proceedings. *See Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (citing *Dusky v. United States*, 362 U.S. 402 (1960)). Appellant failed to demonstrate a reasonable probability of a different outcome had counsel conducted further investigation into appellant's mental health. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that his counsel coerced his plea and forced him to enter a plea under duress. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant acknowledged in the guilty plea agreement and at the plea canvass that he entered his guilty plea voluntarily and did not act under duress or coercion. Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that his counsel failed to investigate witnesses. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel testified at the evidentiary hearing that he attempted to subpoena potential witnesses for the preliminary hearing, but two of appellant's requested witnesses

_____

*. . . continued*

on appeal had counsel argued that the State suborned perjury. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).

SUPREME COURT
OF
NEVADA

(O) 1947A

4

testified for the State and four others did not attend the hearing. Counsel testified that after the hearing, appellant indicated that he wished to accept a plea offer and that further investigation into witnesses ceased. Appellant failed to demonstrate that this was an unreasonable decision by counsel or a reasonable probability of a different outcome had counsel conducted further investigation into witnesses. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that his counsel did not present mitigation evidence at the sentencing hearing or argue for a lower sentence. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel testified that he attempted to demonstrate that the court should give appellant a lesser sentence due to appellant's mental health problems. Appellant failed to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel provided further evidence or arguments for leniency. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that his counsel was ineffective for failing to challenge the improper notice of intent to seek sentencing as a habitual criminal. Appellant asserted the notice was improper because the enhancement was listed as a charge in the information and a later corrected notice was filed less than 15 days before the sentencing hearing. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel stated at the evidentiary hearing that he was aware of a potential defect in the notice, but did not want to ruin a favorable plea agreement by arguing the notice was improper. As appellant was aware in a timely manner of the State's intent to seek adjudication as a habitual criminal and appellant had sufficient prior felonies to be eligible for such a sentence, he failed to demonstrate a reasonable probability of a different outcome had counsel

SUPREME COURT
OF
NEVADA

(O) 1947A

argued the notice was improper. Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that his counsel was ineffective for failing to argue that adjudication as a habitual criminal by a judge rather than a jury is unconstitutional. Appellant failed to demonstrate either deficiency or prejudice because this court has held a defendant is not entitled to a jury determination on a habitual criminal allegation. *See O'Neill v. State*, 123 Nev. 9, 16, 153 P.3d 38, 43 (2007). Therefore, the district court did not err in denying this claim.

Next, appellant claimed that his appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant claimed that his appellate counsel was ineffective for failing to raise facts on appeal. Appellant failed to demonstrate deficiency or prejudice for this claim as he failed to identify what facts counsel failed to address on appeal. *See Hargrove*, 100 Nev. at 252-53, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his appellate counsel was ineffective for failing to prepare an adequate record for the appeal and failing to meet with appellant to discuss the appeal. Appellant failed to

demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant did not identify what portions of the record his counsel failed to include for the direct appeal and he failed to demonstrate a reasonable likelihood of success on appeal had counsel discussed the direct appeal with him. *See id.* Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his appellate counsel failed to argue on appeal that appellant was incompetent. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant was examined prior to entry of his plea and determined to be competent, and appellant failed to demonstrate that reasonable counsel would have argued on direct appeal that appellant was actually incompetent. Appellant failed to demonstrate a reasonable likelihood of success for this claim as he did not demonstrate that he did not have the ability to consult with his attorney with a reasonable degree of rational understanding and that he did not have a rational and factual understanding of the proceedings against him. *See Melchor-Gloria*, 99 Nev. at 179-80, 660 P.2d at 113. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that the trial court should not have sentenced him as a habitual criminal, should not have sentenced him when he was under the influence of antipsychotic medication, allowed hearsay, did not properly canvas him on his plea, and did not consider the totality of the circumstances surrounding his plea. Appellant also claimed his sentence was disproportionate to the crimes and the State committed malicious prosecution. These claims were not based on an allegation that appellant's plea was involuntarily or unknowingly entered or that his plea was entered without effective assistance of counsel, and therefore, were not permissible in a post-conviction petition for a writ of habeas corpus

stemming from a guilty plea. *See* NRS 34.810(1)(a). Therefore, the district court did not err in denying these claims.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.                    _____, J.
Parraguirre                                     Cherry

cc:    Hon. Robert W. Lane, District Judge
       Frederick William Adkins
       Nye County District Attorney
       Attorney General/Carson City
       Fifth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.