An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD STEPHEN YAAG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62497

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

First, appellant argues that the State committed prosecutorial misconduct. Appellant waived this claim by failing to raise it on direct appeal or demonstrate that he had good cause for his failure to raise it. *See* NRS 34.810(1)(b)(2); *Pellegrini v. State*, 117 Nev. 860, 886, 34 P.3d 519, 537 (2001) (holding that "a petitioner must demonstrate that an impediment external to the defense prevented [petitioner] from raising [the] claims earlier" in order to demonstrate good cause). Appellant argues that he would suffer a fundamental miscarriage of justice were this claim not considered on the merits; however, appellant does not demonstrate actual innocence because he fails to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921

P.2d 920, 922 (1996).[1]  Therefore, the district court did not err in dismissing this claim.

Next, appellant argues that he received ineffective assistance of trial counsel.  To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*).  Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).  We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that counsel was ineffective for failing to investigate phone records of the victim and her mother to demonstrate that they frequently called appellant at all hours, even after the abuse

---

[1]To the extent appellant requests this court to adopt an additional standard for establishing a fundamental miscarriage of justice, we decline to do so.

allegations were reported. Appellant claims that this evidence would cast doubt on the victim's accounts of the abuse and would support his defense that the victim fabricated the allegations because appellant's time, money, and attention were drawn away from the victim and her mother and towards appellant's new girlfriend. Appellant fails to demonstrate deficiency or prejudice. At the evidentiary hearing, appellant's former counsel testified that he did not believe the records were relevant, that it was known that the victim and appellant had contact, and that he was worried that phone records might show evidence of grooming. The district court stated at the evidentiary hearing that counsel was not deficient in his questioning of the victim and her mother regarding their motives to lie and in his attempts to impeach their credibility where he could, strategically evaluating which areas to delve into and which to omit without causing appellant more harm than good. The district court further stated that no additional evidence or lines of argument could have been presented that would have changed the result of the trial. The district court's findings are supported by substantial evidence, and we agree with the district court's determinations and conclude that it did not err by denying this claim.

Second, appellant argues that counsel was ineffective for failing to provide witnesses on appellant's behalf. Specifically, appellant argues that counsel should have secured appellant's girlfriend as a witness in order to testify that the victim and her mother called and made threatening, jealous statements to the girlfriend, thereby supporting the

defense that the victim fabricated the abuse allegations because of jealousy.[2] Appellant fails to demonstrate deficiency or prejudice. At the evidentiary hearing, counsel testified that his investigator contacted witnesses at appellant's request and that, after receiving information from his investigator, counsel was concerned that the witnesses might open the door to character evidence. The district court stated at the evidentiary hearing that counsel was not deficient in determining that the witnesses were not relevant or were not helpful because of what evidence might be admitted as a result of the witnesses' testimony. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (trial counsel's strategic decisions are "virtually unchallengeable absent extraordinary circumstances" (internal quotation marks omitted)). The district court further stated that no additional evidence or lines of argument could have been presented that would have changed the result of the trial. The district court's findings are supported by substantial evidence, and we agree with the district court's determinations and conclude that it did not err by denying this claim.

Third, appellant argues that counsel was ineffective for failing to seek a legal and permissible middle ground to admit evidence that

---

[2]To the extent appellant argues that counsel was ineffective for failing to call any other witness, appellant failed to allege specific facts that, if true, entitled him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Appellant failed to identify what witnesses should have been called and what testimony those witnesses would have offered.

appellant was out of the state during a portion of the timeframe in which the victim alleged the abuse occurred without admitting that he was incarcerated. This argument was not raised below, and appellant "cannot change [his] theory underlying an assignment of error on appeal." *Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995). In his habeas petition, his supplement to the petition, and throughout his testimony at the evidentiary hearing, appellant maintained that counsel was ineffective for failing to present evidence that appellant was incarcerated, and that was the claim ruled upon by the district court. Therefore, we decline to consider this claim on appeal.

Fourth, appellant argues that counsel was ineffective for failing to raise consent as a defense to the sexual assault charges. This argument was not raised below, and we decline to consider it on appeal in the first instance. *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

Fifth, appellant argues that counsel was ineffective for failing to investigate and effectively challenge the recorded phone calls between the victim and appellant. Appellant fails to demonstrate deficiency or prejudice. Appellant makes only a bare allegation that, had counsel investigated, he would have discovered that appellant was speaking to someone besides the victim, which is insufficient to demonstrate a reasonable probability of a different outcome. Furthermore, counsel filed a motion in limine to preclude introduction of the phone calls. The district

court granted the motion in limine but stated that the tapes could be admitted for impeachment purposes.[3]  Appellant contends that, had counsel done a better job, the tapes would not have been admitted for any purpose and that his cross-examination of the victim and her mother regarding the phone calls would not have been limited.  We conclude that appellant fails to demonstrate deficiency or prejudice.  On direct appeal, appellant challenged the district court's limitation of the cross-examination of the victim and her mother regarding the recorded phone calls, and we concluded that the inadmissible evidence could have been introduced to correct a false impression if one was created during counsel's examination.  *Yaag v. State*, Docket No. 53787 (Order of Affirmance, April 8, 2010).  Therefore, the district court did not err in denying this claim.

Sixth, appellant argues that counsel was ineffective for failing to challenge prosecutorial misconduct when the State threatened to reveal the details of appellant's incarceration if appellant presented evidence that he was out of Nevada during a portion of the timeframe in which the victim alleged the abuse occurred.  This argument was not raised below, and appellant "cannot change [his] theory underlying an assignment of error on appeal."  *Ford*, 111 Nev. at 884, 901 P.2d at 130.  In his habeas petition, his supplement to the petition, and his reply, appellant failed to

---

[3]As the recorded phone calls were not admitted into evidence, appellant fails to demonstrate deficiency or prejudice by counsel's failure to make an evidentiary objection to the recordings.

allege this theory when claiming prosecutorial misconduct; therefore, we decline to consider this claim on appeal.

Seventh, appellant argues that counsel was ineffective for failing to challenge prosecutorial misconduct when the State repeatedly emphasized and relied on false testimony, specifically that the victim was 11 years old when the abuse began in Nevada, in order to obtain a conviction. Appellant alleges that he was incarcerated in California until July 25, 2005; the State failed to correct the victim's testimony that she was 11 years old when the abuse began in Nevada, an impossibility given appellant's date of release from custody; and the State emphasized the victim's incorrect testimony by repeatedly arguing that the abuse began in Nevada when the victim was 11 years old. Appellant fails to demonstrate deficiency or prejudice. Appellant fails to demonstrate when he was released from custody, as he provided documentation that shows only his conviction date, his sentencing term, and his credit for time served. Therefore, appellant fails to demonstrate that counsel was objectively unreasonable for failing to challenge the State's conduct or that there was a reasonable probability of a different outcome at trial had counsel challenged the conduct. *See Thomas v. State*, 120 Nev. 37, 43 & n.4, 83 P.3d 818, 822 & n.4 (2004) (concluding that appellant is ultimately responsible for providing this court with portions of the record necessary to resolve his claims on appeal); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests

SUPREME COURT
OF
NEVADA

(O) 1947A

on appellant."). Therefore, the district court did not err in denying this claim.

Next, appellant argues that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

Appellant argues that appellate counsel was ineffective for failing to raise the following claims of prosecutorial misconduct on appeal: that the State threatened to reveal the details of appellant's incarceration and that the State repeatedly emphasized and relied on false testimony in order to obtain a conviction. Appellant failed to raise the claim regarding the State's threats below. He "cannot change [his] theory underlying an assignment of error on appeal," *Ford*, 111 Nev. at 884, 901 P.2d at 130, and we decline to consider this claim. As appellant fails to demonstrate that the State emphasized and relied on false testimony, he fails to demonstrate that appellate counsel was deficient in not raising this claim

or that the claim would have a reasonable probability of success on appeal. Therefore, the district court did not err in denying this claim.

Lastly, appellant argues that the district court misconstrued the doctrine of the law of the case when relying upon this court's determination that the charging document provided sufficient notice. To the extent that there is any error in dismissing claims as barred by the law-of-the-case doctrine, for the reasons discussed above, we conclude that the district court reached the right result in denying appellant's petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Elissa F. Cadish, District Judge
        Mario D. Valencia
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk