An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

XUE BAO CHEN,
Appellant,
vs.
THE STATE OF NEVADA; AND BRIAN
E. WILLIAMS, WARDEN,
Respondents.

No. 63783

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Xue Bao Chen's post-conviction petition for a writ of habeas corpus and supplemental petition. First Judicial District Court, Carson City; James Todd Russell, Judge.

First, Chen contends that the district court applied the incorrect evidentiary standard when reviewing the petition and supplemental petition. Although the district court order incorrectly states that a petitioner "bears the burden of pleading 'specific facts' that establish each of the *Strickland* elements by 'strong and convincing proof,'" *see Means v. State*, 120 Nev. 1001, 1013, 103 P.3d 25, 33 (2004) (holding that a petitioner must prove the facts underlying his claim of ineffective assistance of counsel by a preponderance of the evidence), we conclude that Chen was not prejudiced because the district court did not have to resolve any disputed factual allegations when considering the claims raised.

Second, Chen contends that the district court erred by denying his claim that his counsel was ineffective for informing the jury during opening statements that he possessed a knife during the attack.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15410

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

At the evidentiary hearing, Chen's trial counsel testified that she acknowledged that Chen had a knife during the attack, but argued that the knife was not actually used to cause the injuries sustained by the victims, because she believed that the witnesses would testify that they observed a knife and it would have been too hard to discredit all of the witnesses. We agree with the district court's determination that this tactical decision was not objectively unreasonable and we affirm the denial of this claim. *See Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989) ("Tactical decisions are virtually unchallengeable absent extraordinary circumstances.").

Third, Chen contends that the district court erred by denying his claim that his counsel was ineffective for failing to file pretrial motions regarding the admissibility of prior bad acts. Chen argues that had counsel obtained a pretrial determination regarding what evidence would be admissible, counsel would not have had to object during the

prosecution's opening statement and the jury would not have heard the words "prior bad acts." The district court determined that, because this court held on direct appeal that the character evidence was not prior bad act evidence, the issue was resolved by the law of the case and counsel's objection to the character evidence was not objectively unreasonable. This determination failed to address the merit of Chen's claim. Nevertheless, Chen failed to demonstrate that counsel was deficient. Because the statements counsel objected to did not actually reference evidence of prior bad acts, Chen failed to demonstrate that the filing of a pretrial motion regarding the admissibility of prior bad act evidence would have prevented counsel's objection. Therefore, we affirm the denial of this claim. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Having concluded that Chen is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

cc:     Hon. James Todd Russell, District Judge
        Erik R. Johnson
        Attorney General/Carson City
        Carson City District Attorney
        Carson City Clerk