An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SEAN RODNEY ORTH,
Appellant,
vs.
E.K. MCDANIEL, WARDEN; AND ELY
STATE PRISON,
Respondents.

No. 62423

FILED

JUL 30 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Steven P. Elliott, Senior Judge.

On appeal from the denial of his September 15, 2009, petition, appellant claims that the district court erred by denying his claim that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide him with transcripts of an interview conducted between the police and a witness, Eric Meyer, and by failing to provide information regarding a deal between the State and a witness, Marla Barker. Both of these claims were raised and rejected on direct appeal from appellant's judgment of conviction and sentence. *Orth v. State*, Docket No. 49522 (Order of Affirmance, September 25, 2008). The doctrine of the law of the case prevents further litigation of these claims and cannot be avoided by a more detailed and precisely focused argument. *See Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). Therefore, the district court did not err in denying these claims.

Next, appellant claims that the district court erred in denying his claims that he received ineffective assistance of trial counsel. To prove

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24824

ineffective assistance of trial counsel, a petitioner must demonstrate that trial counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for trial counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that trial counsel was ineffective for failing to object to the exclusion of all of the DNA evidence. Appellant fails to demonstrate that he was prejudiced. Because the DNA evidence that appellant claims should not have been excluded was neutral at best, appellant fails to demonstrate a reasonable probability of a different outcome at trial had the DNA evidence been admitted. Therefore, the district court did not err in denying this claim.

Second, appellant claims that trial counsel was ineffective for failing to timely notice Meyer as a witness. Appellant fails to demonstrate that counsel was deficient. At the evidentiary hearing, trial counsel testified that appellant refused to inform him of what Meyer would testify about. It was not until the night before the first day of trial that trial counsel learned what Meyer would testify about. Therefore, trial counsel

was not deficient for failing to timely notice Meyer as a witness. Accordingly, the district court did not err in denying this claim.

Third, appellant claims that trial counsel was ineffective for failing to object to several instances of prosecutorial misconduct during closing arguments. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced. Trial counsel testified at the evidentiary hearing that he could not pay attention to the State's closing argument because appellant would not stop talking to him. Therefore, trial counsel was not deficient for failing to object to the alleged instances of prosecutorial misconduct. Further, appellant fails to demonstrate a reasonable probability of a different outcome at trial had trial counsel objected because sufficient evidence was presented that appellant possessed the drugs and guns. Further, the jury was instructed that the statements, arguments, and opinions of counsel were not to be considered as evidence. Therefore, the district court did not err in denying this claim.

Fourth, appellant claims that trial counsel was ineffective for failing to cross-examine Barker with her inconsistent statements. Appellant fails to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant fails to demonstrate that Barker's statements were inconsistent. Further, he fails to demonstrate a reasonable probability of a different outcome at trial had trial counsel asked her about those statements. Therefore, the district court did not err in denying this claim.

Next, appellant claims that the district court erred by denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective

standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader*, 121 Nev. at 686, 120 P.3d at 1166.

First, appellant claims that appellate counsel was ineffective for failing to raise claims on appeal that the State committed prosecutorial misconduct during closing arguments. Appellant fails to demonstrate that the claims had a reasonable probability of success on appeal for the reasons discussed above. Therefore, the district court did not err in denying this claim.

Second, appellant claims that appellate counsel was ineffective for failing to provide this court with a pretrial hearing transcript that demonstrates that the State agreed not to introduce bad act evidence that appellant was wanted for other crimes. Appellant claims that had appellate counsel provided this transcript, his claim that the State improperly introduced bad act evidence would have been granted on appeal. Appellant fails to demonstrate that appellate counsel was deficient or that he was prejudiced. The transcript cited by appellant only demonstrates that the State agreed not to introduce evidence that appellant was being followed by the Repeat Offender Program officers.

There is no indication that the State agreed not to inform the jury that appellant was wanted for a misdemeanor, which was the basis for the stop of appellant.[1] Therefore, appellant fails to demonstrate a reasonable probability of success on appeal had appellate counsel provided the transcript, and the district court did not err in denying this claim.

Third, appellant claims that appellate counsel was ineffective for failing to appeal the district court's decision to exclude all of the DNA evidence. As discussed above, the DNA evidence was at best neutral, and appellant fails to demonstrate that there was a reasonable probability of success on appeal had appellate counsel raised this claim. Therefore, the district court did not err in denying this claim.

Fourth, appellant claims that appellate counsel was ineffective for failing to argue on appeal that the evidence of trafficking in a controlled substance and being a felon in possession of a firearm was insufficient. Appellant fails to demonstrate that appellate counsel was deficient or that he was prejudiced because the evidence supporting the convictions, when viewed in the light most favorable to the State, was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. NRS 453.3385(1); NRS 202.360; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Therefore, the district court did not err in denying this claim.

Fifth, appellant claims that appellate counsel was ineffective for failing to consult with him about the appeal. Appellant fails to

---

[1] Appellant's claim that trial counsel was ineffective for failing to object to the State's use of the prior bad acts fails for the same reason. The State never agreed not to mention that appellant was wanted for a misdemeanor.

demonstrate that he was prejudiced because he failed to demonstrate that there were any claims that appellate counsel should have raised that had a reasonable probability of success on appeal. Therefore, the district court did not err in denying this claim.

Finally, appellant claims that the State committed prosecutorial misconduct when it argued in closing arguments that no one else could have put the duffel bag in the car and that Meyer had no connection whatsoever to the car and evidence found there. Appellant failed to allege this claim in terms of him receiving ineffective assistance of counsel. Therefore, to the extent that appellant attempted to raise this claim as an ineffective-assistance-of-counsel claim, he failed to provide cogent argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Further, to the extent that he raised this as strictly a prosecutorial misconduct claim, this claim should have been raised on direct appeal from his judgment of conviction and sentence and appellant failed to demonstrate good cause for his failure to do so. *See* NRS 34.810(1)(b)(2). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

 

cc: Second Judicial District Court Dept. 10
Hon. Steven P. Elliott, Senior Judge
Janet S. Bessemer
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A