An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES MANLEY,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 65564

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

In his petition filed on January 3, 2013, appellant claimed that he received ineffective assistance of trial counsel.  To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*).  Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-30861

*Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that his trial counsel failed to present evidence that clearly supported his claim of self-defense. In particular, appellant claimed that trial counsel should have presented evidence that his cellmate possessed an inmate-made weapon and the dangers of assault during "cuff-up" procedures. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that the weapon was in the cell on the date of the incident or that the cellmate had knowledge of the weapon. The evidence purporting to demonstrate the cellmate's possession of a weapon indicated that a weapon was found a month after the incident. Furthermore, the letter was addressed to appellant and there is no indication that the weapon can be attributed to the cellmate. Appellant failed to present any evidence to support his claim about the dangers of assault during "cuff-up" procedures.[2] Given the testimony of the correctional officers at trial and the video evidence, appellant failed to demonstrate that there was a reasonable probability of a different result at trial had counsel presented any of the above evidence. Therefore, the district court did not err in denying this claim.

---

[2]The district court correctly observed that trial counsel was not ineffective for failing to cross-examine certain correctional officers because they did not actually testify at trial.

Second, appellant claimed that trial counsel failed to object to admission of a photograph of the victim's face showing severe bruising and blood on his face. Appellant complained that the victim, appellant's cellmate, had been beaten by correctional officers during his extraction from the cell. In support, appellant noted that Correctional Officer Gardener testified at the cellmate's preliminary hearing that she punched and kicked his cellmate. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The video of the incident and extraction shows Correctional Officer Gardener striking appellant in the torso and legs. Further, the excerpt from the cellmate's preliminary hearing does not support the allegation that Correctional Officer Gardner struck his cellmate in the face. The video did not show Correctional Officer Gardner striking the cellmate in the face. The video also allowed the jury to view the cellmate's condition upon extraction and his condition after he was removed to the visiting cells and later the infirmary. Trial counsel made this point about the discrepancy between the cellmate's appearance before and after extraction during closing arguments. Appellant failed to demonstrate a reasonable probability of a different outcome had trial counsel objected to the photograph. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that trial counsel failed to adequately investigate evidence of appellant's innocence. Specifically, appellant claimed that trial counsel should have investigated: (1) Correctional Officer Gardner's testimony at the cellmate's preliminary hearing that she punched and kicked the cellmate during his extraction from the cell; and (2) Sergeant Bryant's testimony that the cellmate

admitted he purchased and owned the drugs. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Correctional Officer Gardener's testimony would not have demonstrated innocence of battery by a prisoner given the video evidence and the testimony of the correctional officers at trial. Further, appellant's cellmate's admissions did not demonstrate appellant's innocence of possession of a controlled substance by a prisoner as a controlled substance was found in the cell shared by the two men, testimony regarding a coded phone call to appellant's sister, the evidence of the consumed controlled substance in a cup in the cell, and appellant's admission to taking the controlled substance in a cup. Appellant failed to demonstrate that there was a reasonable probability of a different outcome had trial counsel further investigated these points. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant claimed that he received ineffective assistance of appellate counsel.[3] To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather,

---

[3]To the extent that appellant raised any of the underlying claims independent from his claim of ineffective assistance of appellate counsel, those claims were waived as they could have been raised on direct appeal and he failed to demonstrate good cause and prejudice for his failure to raise the claims on direct appeal. *See* NRS 34.810(1)(b).

appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant claimed that his appellate counsel was ineffective for failing to argue that the prosecutor committed misconduct by presenting a photograph of the victim despite the fact that he knew the victim had been battered by staff. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. As discussed earlier, the jury was presented with the video adequately showing the condition of appellant's cellmate before, during, and after extraction. Appellant failed to demonstrate a reasonable probability of a different outcome on appeal had this claim been raised. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant claimed that his appellate counsel was ineffective for failing to argue that the district court denied him the right to confront and cross-examine the victim. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Trial counsel sought to call appellant's cellmate as a witness but appellant's cellmate invoked his privilege against self-incrimination. Under these circumstances, appellant failed to demonstrate that this issue had a reasonable likelihood of success on appeal. Therefore, we conclude that the district court did not err in denying this claim.

Finally, appellant claimed that insufficient evidence was presented at trial. Appellant previously litigated a claim of insufficient evidence on direct appeal. *See Manley v. State*, Docket No. 59031 (Order of Affirmance, April 12, 2013). The doctrine of the law of the case prevents further litigation of this issue and cannot be avoided by a more detailed and precisely focused argument. *See Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1975). Therefore, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Gary Fairman, District Judge
Charles Manley
Attorney General/Ely
White Pine County Clerk