# IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMISONI TAUKITOKU,
Taukitoku,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67578

FILED

SEP 16 2016


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____ DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Samisoni Taukitoku's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Taukitoku and several friends attended a Halloween party at a home in Reno, Nevada. According to Taukitoku, a group of his friends attacked a fellow partygoer and he broke up the fight but was accused of participating in the attack. Out of anger, Taukitoku pulled out a firearm, pointed it at the injured partygoer, and kicked him multiple times. A resident of the home tried to get Taukitoku to leave the party. Taukitoku fired two shots out of a window and exited the house. Although it was disputed by other witnesses, Taukitoku claimed that he was hit from behind outside the house. Taukitoku then fired more than ten shots, killing three innocent bystanders in what he asserted was self-defense. Taukitoku admitted, however, that he lied about his role to police because he did not want to incriminate himself.

SUPREME COURT
OF
NEVADA

(O) 1947A

16-28922

Taukitoku was convicted of three counts of first-degree murder with the use of a firearm and four counts of assault with a deadly weapon and he received multiple sentences of life without the possibility of parole. Taukitoku appealed from his judgment of conviction and this court affirmed. *Taukitoku v. State*, Docket No. 53220 (Order of Affirmance, March 10, 2010). He then filed a timely postconviction petition for a writ of habeas corpus, which the district court denied after conducting an evidentiary hearing. This appeal followed.

Taukitoku contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to appellate counsel). We give deference to the district court's factual findings if not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Taukitoku contends that the district court erred by denying his claim that trial counsel was ineffective for failing to present witnesses to rebut a State's witness who testified that Taukitoku had been thrown out of a different party under similar circumstances and told partygoers that he would come back with a gun. Taukitoku fails to demonstrate that counsel was ineffective. Taukitoku did not present any

witnesses at the evidentiary hearing that a reasonable attorney would have presented nor identify any testimony that could have changed the result at trial. Moreover, the testimony Taukitoku refers to was an insignificant portion of the State's case and the evidence against him was overwhelming. Accordingly, we conclude that the district court did not err by denying this claim.

Second, Taukitoku contends that the district court erred by denying his claim that trial counsel was ineffective for failing to strike the venire when potential jurors made comments about youths carrying guns. Taukitoku fails to demonstrate that trial counsel was ineffective. Taukitoku does not identify a basis upon which trial counsel could have successfully moved to strike the venire. Moreover, at the evidentiary hearing in this case, trial counsel testified that she made a strategic decision not to take action regarding the comments because she believed that the jury would be fair. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280–81 (1996) (observing that trial counsel's strategic decisions are "virtually unchallengeable" (internal quotation marks omitted)). Accordingly, we conclude that the district court did not err by denying this claim.

Third, Taukitoku contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the district court's denial of his motion to change venue. Taukitoku fails to demonstrate that appellate counsel was ineffective. Below, appellate counsel testified that the claim was not adequately preserved for appeal and Taukitoku conceded that raising this claim would have been "fairly futile." On appeal, Taukitoku simply points to the comments section of news articles about the case and concludes that a

SUPREME COURT
OF
NEVADA

(O) 1947A

3

change of venue was warranted. He does not establish that this claim would have been successful on appeal from his judgment of conviction. *See Sonner v. State*, 112 Nev. 1328, 1336, 930 P.2d 707, 712 (1996) (explaining the standard for reviewing a denial of a motion for change of venue). Accordingly, we conclude that the district court did not err by denying this claim.

Fourth, Taukitoku contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the district court's denial of his motion for a continuance. Taukitoku fails to demonstrate that appellate counsel was ineffective. At the evidentiary hearing, appellate counsel testified that he did not believe this claim would be successful and therefore decided to focus on a stronger argument. *See Doleman*, 112 Nev. at 848, 921 P.2d at 280–81. Taukitoku fails to demonstrate that counsel's decision was unreasonable. *See Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989) (recognizing that appellate counsel will be most effective when every conceivable issue is not raised on appeal). Taukitoku also fails to explain how he would have benefitted from a continuance and does not establish that this claim would have had a reasonable probability of success on appeal. *See Higgs v. State*, 126 Nev. 1, 9, 222 P.3d 648, 653 (2010) (explaining the standard for reviewing a denial of motion for a continuance). Accordingly, we conclude that the district court did not err by denying this claim.

Fifth, Taukitoku contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to argue on appeal that the prosecutor inappropriately shifted the burden of proof during rebuttal argument. Taukitoku fails to demonstrate that counsel was ineffective. In context, the prosecutor's argument that each

side had the ability to call witnesses and present evidence constituted a fair response to Taukitoku's argument that the State was "hiding" something by failing to call the lead detectives. *See Miller v. State*, 121 Nev. 92, 99, 110 P.3d 53, 58 (2005) (a prosecutor's statements must be considered in context); *see generally Glover v. Eighth Judicial Dist. Court*, 125 Nev. 691, 706, 220 P.3d 684, 694 (2009) (discussing inappropriate inferences from the State's failure to present evidence). Even assuming that the statement was inappropriate, no relief would have been warranted because Taukitoku does not allege that the jury was improperly instructed regarding the State's burden of proof and the evidence against him was overwhelming. We conclude that the district court did not err by denying this claim.

Sixth, Taukitoku contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the prosecutor's description of him as a "thug" and "alpha male." Taukitoku fails to demonstrate that counsel was ineffective. Taukitoku's citations to the record do not indicate that the prosecutor called him a "thug." Although the prosecutor used the term "alpha male," the term was not inappropriate in context. Moreover, Taukitoku did not object at trial, and appellate counsel testified that he made a strategic decision to focus on a stronger argument because he did not believe the claim would be successful given the nature of the comments and trial counsel's failure to object to them. We conclude that the district court did not err by denying this claim.

Seventh, Taukitoku contends that the district court erred by denying his claim of cumulative error. Having found no errors, there is nothing to cumulate.

Having considered Taukitoku's contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Patrick Flanagan, District Judge
David Kalo Neidert
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A